IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOBIN DON LEMMONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-06-353-L |
| v. | ) |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges due process deprivations with respect to a disciplinary proceeding conducted at the Oklahoma City Community Corrections Center ("OKCCC"). Respondent, the Director of the Oklahoma Department of Corrections ("DOC"), has moved to dismiss the action on the basis of Petitioner's failure to exhaust administrative and state court remedies and, alternatively, due to the expiration of the statute of limitations. Although Petitioner was given the opportunity to respond to Respondent's Motion to Dismiss and one extension of time to do so, Petitioner has not filed a response and the time limit for filing the response has expired. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Respondent's Motion to Dismiss be granted and the Petition be dismissed due to Petitioner's failure to exhaust

1

administrative remedies and, alternatively, due to the expiration of the statute of limitations.

I. Background

Petitioner is a state prisoner serving a 12-year sentence for unlawful possession of a controlled substance after former felony conviction and a concurrent 18-year sentence for possession of contraband in a penal institution after former conviction of six felonies. <http://docapp8.doc.state.ok.us> (Offender information on Tobin D. Lemmons). Petitioner is not challenging these convictions. Rather, Petitioner asserts in his Petition that he was denied numerous due process protections with respect to a disciplinary proceeding conducted at OKCCC in which he was found guilty of possession of contraband and sanctioned for the misconduct, including the forfeiture of 365 days of earned credits.

Documentary evidence attached to the Petition and submitted with Respondent's Motion to Dismiss reflects that on July 25, 2004, an offense report was issued at OKCCC charging Petitioner with the misconduct of possession of contraband. Petition, Ex. A. Petitioner received a copy of this offense report and requested a hearing. In descriptions of the incident prepared by the reporting officials, the officials stated that during a strip search of Petitioner two and one-half pills were discovered in a pocket of his pants. Petition, Exs. B, C. Although Petitioner stated to the officer that he had containers for these pills in his cell, a search of Petitioner's cell was conducted and no medication containers matching the markings on these pills were found. The medical staff at OKCCC identified the pills as an antibiotic and a diuretic medication and advised correctional officials at the facility that these medications had not been ordered for Petitioner. Petition, Ex. D. Petitioner was interviewed

by an OKCCC official on July 29, 2004, and he admitted during this interview that he possessed the pills and that he had obtained them on the prison "yard" from another inmate but he would not identify the inmate. Petition, Ex. F.

A disciplinary hearing was conducted with respect to the misconduct charge on August 2, 2004, at which Petitioner was present and entered a plea of not guilty. The disciplinary officer who conducted the hearing found Petitioner was guilty of the misconduct of possession of contraband and noted on the disciplinary hearing report that the following evidence was relied upon in reaching the decision:

> [Sergeant] Temp[lin confiscated (2) different type pills from [inmate] Lemmon's [sic] possession. The pills were marked (MP85) and (32907). The pills were identified by medical and were found not to be (1) prescribed to [inmate] Lemmons and (2) not ordered by D.O.C. medical. This directly violates D.O.C. policy relating to possession of contraband. Ofc. Barnes also witnessed the contraband being found in [inmate] Lemmon's [sic] possession."

Petition, Ex. H. The disciplinary hearing officer imposed sanctions for the misconduct, including the forfeiture of 365 days of earned credits, a reduction in classification level to level one for 90 days, and the restriction of visitation to one hour for 180 days.

Petitioner did not file an appeal of the misconduct with DOC until April 5, 2005, and the attempted appeal was rejected because it was out of time. Petition, Exs. I, J, K; Respondent's Ex. 4, at 2-6. In a Request to Staff form submitted by Petitioner to the DOC Director's office in October 2004, Petitioner requested leave to appeal the misconduct out of time. A DOC official responded to Petitioner's Request to Staff on November 16, 2004,

and advised Petitioner that his request to submit an appeal of the misconduct out of time was denied. Petition, Ex. P; Respondent's Ex. 3.

II. Exhaustion of Judicial Remedies

Exhaustion of available state and administrative remedies is generally required for petitions brought under 28 U.S.C. §2241. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under §2241 or §2254."). Under § 2241, the petitioner bears the burden of showing that he has exhausted available remedies. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).

Respondent contends that Petitioner has failed to exhaust the judicial remedy established for Oklahoma prisoners and codified at Okla. Stat. tit. 57, §564.1. However, this judicial remedy became effective on May 10, 2005, long after Petitioner was found guilty of the misconduct he is challenging herein. At the time Petitioner's disciplinary hearing was conducted in August 2004 there was no available judicial remedy for Oklahoma prisoners challenging the procedures employed or evidence relied upon in institutional disciplinary proceedings. See Gamble v. Calbone, 375 F.3d 1021, 1026-1027 (10th Cir. 2004). Accordingly, the Petition should not be dismissed on this basis.

III. Exhaustion of Administrative Remedies

Respondent alternatively asserts that Petitioner has failed to exhaust available administrative remedies. DOC has a well-established remedial process for appealing a decision in a disciplinary proceeding. <http://www.doc.state.ok.us/offtech/toc06.htm> (DOC

OP-060125, Inmate Disciplinary Procedures). Petitioner contends in his Petition that he was denied the opportunity to submit a timely administrative appeal to DOC because he was transferred to the Oklahoma County Detention Center after the disciplinary hearing and held there without access to the necessary forms until after the time expired for submitting an administrative appeal. In support of this assertion, Petitioner has attached to the Petition a copy of correspondence addressed to former DOC Director Ron Ward dated October 25, 2004, in which Petitioner requests to be granted the opportunity to appeal out of time "[p]er OP-06-125(VI)(B)" because he was "detained at the Okla. County Jail since the date of my sanctions 08/03/04 on my misconducts without access to operations memorandums, policies or the proper forms in which to perfect my appeals and I am required to apply for an appeal out of time through the director before I can proceed." Petition, Ex. P. A DOC staff member responded on November 16, 2004, that the request was denied because Petitioner had "access to procedure and forms while in the OK County Jail, along with visits from your case manager. You could have filed your appeal in a timely manner." Petition, Ex. P.

Petitioner's own documentary evidence attached to his Petition shows he was provided administrative remedy forms while he was detained at the Oklahoma County Detention Center following the disciplinary proceeding conducted on August 2, 2004. Petitioner's documentary evidence reflects that he submitted a grievance dated August 19, 2004, to a supervisor at OKCCC in which he requested to be sent to a facility with "an adequate law library... so I can file my civil rights claims against OKCCC and O.D.O.C. for denial of access to the courts ...and for detaining me in an inadequate facility while my

appeal rights are elapsing and denying me materials to do so." Petition, Ex. L. The grievance was returned to Petitioner with the response that he had failed to comply with DOC procedures for submitting a grievance while he was on grievance restriction. Petition, Ex. M. On September 15, 2004, Petitioner submitted a Request to Staff form to a supervisor at OKCCC in which he requested that the official "[p]rovide me with justification for this grievance restriction in writing so I can enter such as an exhibit and file my civil suit or in the alternative respond to the grievances so I can take them to the director for completion of the [exhaustion] requirement .... and order OKCCC staff to submit my paperwork for transfer." Petition, Ex. N. He states on this form that he sent photocopies of the Request to Staff to a private attorney's office, the A.C.L.U., and to DOC Director Ron Ward.

Petitioner was obviously not being detained incommunicado at the Oklahoma County Detention Center during the time period for filing his administrative appeal of the misconduct being challenged herein. He was able to pursue other administrative remedies during this time period, and he has not shown that he was unable to submit an administrative appeal to DOC raising the issues asserted in the instant Petition. Petitioner failed to exhaust available administrative remedies concerning the claims of due process deprivations asserted in the Petition. Accordingly, the Petition should be dismissed on this basis.

IV. <u>Statute of Limitations</u>

Respondent alternatively contends that the Petition should be dismissed because it is untimely under 28 U.S.C. § 2244. Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214.  The AEDPA amends 28 U.S.C. §2244 by adding a one-year period of limitation on the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1).   The Petitioner's 28 U.S.C. §2241 Petition challenging an administrative decision that affects the execution of his sentences is subject to the one-year limitation period prescribed in 28 U.S.C. §2244(d). Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006).

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period governing the filing of a habeas petition begins to run when the factual predicate of a petitioner's claim or claims could have been discovered through due diligence. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).  Where a petitioner "timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." Dulworth, 442 F.3d at 1268.

In this case, Petitioner did not diligently exhaust his administrative remedies concerning the claims raised in the Petition, and the limitation period expired on August 2, 2005, one year after the date he discovered the factual predicate of the claims asserted in the Petition.  Even if the one-year limitation period ran from the later date on which Petitioner's request for leave to file an appeal of the misconduct out of time, on November 16, 2004, the limitation period expired several months before Petitioner filed his Petition.

Although the limitation period may be tolled in extraordinary circumstances, no such circumstances are evident here.  Petitioner contends that he was not able to obtain the proper

forms from jail officials for submitting an administrative appeal because of his confinement in disciplinary segregation in the Oklahoma County Detention Center following the disciplinary hearing. However, Petitioner's own documentary evidence reflects that he was able to submit administrative grievances to DOC officials and mail copies of those grievances to individuals outside of the jail during the relevant time period for filing an administrative appeal. Even if jail officials were unable to provide the requisite forms for submitting an administrative appeal, DOC officials stated in response to Petitioner's request to appeal the misconduct out of time that he was visited by his case manager during the time period for submitting an administrative appeal. Respondent's Ex. 3. Petitioner's request for leave to file an administrative appeal of the misconduct out of time was denied by DOC officials on November 16, 2004. A subsequent attempt to appeal the misconduct in April 2005 was also rejected on the basis that it was untimely. Accordingly, Petitioner has not shown that equitable tolling should be applied to extend the limitation period, and the Petition should be dismissed as it is untimely.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED due to Petitioner's failure to exhaust administrative remedies and, alternatively, due to the expiration of the statute of limitations. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 28th, 2006, in accordance with

28 U.S.C. § 636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___8th___ day of ___June___, 2006.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE